# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 13, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JARROD S. MAYNARD,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0484**  (BOR Appeal No. 2046512)
                              (Claim No. 2011022185)

**MARTIN RESOURCE MANAGEMENT CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jarrod S. Maynard, by Christopher K. Keaton, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Martin Resource Management Corporation, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 23, 2012, in which the Board affirmed an October 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 1, 2011, decision rejecting the claim for toxic effect of carbon monoxide exposure. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Maynard was a truck driver for Martin Resource Management. On December 29, 2010, Mr. Maynard was hauling an empty tanker back to West Virginia from Texas, where he made a delivery. Mr. Maynard alleged that during the trip his eyes began to burn, he had a headache, and he became dizzy, forcing him to pull off the road. He also alleged that he had trouble breathing and was taken to the Wesley Medical Center in Hattiesburg, Mississippi where he was treated for carbon monoxide exposure from an exhaust leak in his truck. Mr. Maynard's carboxyhemoglobin level at the time was 4.5. Following Mr. Maynard's return trip to West

1

Virginia, he was admitted to Cabell-Huntington emergency room where he complained of unsteadiness and slurred speech. Mr. Maynard's carboxyhemoglobin level at the time was 1.5 and an MRI showed no evidence of carbon monoxide derangement in the basal ganglia. Mr. Maynard applied for workers' compensation benefits based on exposure to carbon monoxide and his claim was initially approved. But the claims administrator subsequently reversed its decision and rejected the claim on February 1, 2011. The claims administrator's decision was based on the records review of Dr. Short who found that the diagnosis of carbon monoxide poisoning was not supported by the laboratory findings or the MRI. Dr. Reasor then performed a records review, finding that there was no evidence that Mr. Maynard experienced carbon monoxide poisoning. Finally Mr. Maynard's claim was submitted to Dr. Ranavaya who found that Mr. Maynard had not suffered any carbon monoxide poisoning from his employment as a truck driver. On October 14, 2011, the Office of Judges affirmed the claims administrator's rejection of the claim. The Board of Review then affirmed the Order of the Office of Judges on March 23, 2012, leading Mr. Maynard to appeal.

The Office of Judges concluded that Mr. Maynard was not entitled to benefits for carbon monoxide poisoning resulting from exposure. The Office of Judges found that Mr. Maynard did not sustain carbon monoxide poisoning in the course of and resulting from his employment. The Office of Judges found that the most convincing evidence in the record was the carboxyhemoglobin tests taken during Mr. Maynard's initial treatment at Wesley Medical Center and Cabell-Huntington Hospital. The Office of Judges found that the recorded carboxyhemoglobin levels were normal for a smoker such as Mr. Maynard. The Office of Judges based this determination on the reports of Dr. Short, Dr. Reasor, and Dr. Ranavaya. The Office of Judges also noted that the MRI taken at Cabell-Huntington Hospital showed no derangement in the basal ganglia which would have been affected if Mr. Maynard had suffered carbon monoxide poisoning. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Maynard has not demonstrated that he suffered an injury or occupational disease in the course of and resulting from his employment. Mr. Maynard has alleged that he was exposed to carbon monoxide due to a leak in the exhaust of the truck he was driving. He has alleged that this exposure caused a myriad of symptoms including nausea, dizziness, and slurred speech. But all the objective medical evidence in the record shows that Mr. Maynard was not excessively exposed to carbon monoxide and was not poisoned from this exposure.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 13, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II